IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY K. POHL, )
 )
      Plaintiff, )
 )
vs. )
 )
UNITED STATES ENVIRONMENTAL )
  PROTECTION AGENCY, UNITED )
  STATES DEPARTMENT OF HEALTH )   Civil Action No. 09-1480
  AND HUMAN SERVICES, CENTER )
  FOR DISEASE CONTROL AND )
  PREVENTION, NATIONAL )
  INSTITUTES OF HEALTH, and )
  NATIONAL INSTITUTE OF )
  ENVIRONMENTAL HEALTH SCIENCES, )
 )
      Defendants. )

## **MEMORANDUM OPINION**

Pending before the Court is a motion by Plaintiff Amy Pohl, seeking leave to amend her complaint in this matter pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff's amended complaint would (1) add new claims under the Administrative Procedures Act, 5 U.S.C. §§ 701-706 ("APA"), and the federal mandamus statute, 28 U.S.C. § 1361, against the United States Environmental Protection Agency ("EPA"), United States Department of Health and Human Services, the Center for Disease Control and Prevention ("CDC"), the National Institutes of Health and the National Institute of Environmental Health Sciences (collectively, the "Government Defendants"); (2) join new defendants Dr. Bruce Lanphear and Children's Hospital Medical Center of Cincinnati, Ohio

1

(collectively, the "Research Defendants"); (3) and amend the allegations in her Complaint to include additional background facts in support of the new claims. (*See* Doc. No. 20, "Motion," and Doc. No. 21, Memorandum in Support of Motion for Leave to File Amended Complaint, "Plf.'s Memo.")

The Government Defendants oppose any amendment to the complaint, arguing that (1) amendment is not justified; (2) the proposed amendment would be futile; (3) there is no "newly-discovered evidence" which warrants amendment; and (4) amendment would cause unnecessary delay in resolving this matter. (Doc. No. 22, Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, "Defs.' Opp.")

The procedural background and bases for the original complaint are well known to the parties and will not be reiterated here. For the reasons set forth below, Plaintiff's Motion is granted.

I. **STANDARD FOR ALLOWING AMENDMENT OF THE COMPLAINT**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1). Amendments before Trial.

Should a party wish to amend its pleadings under other circumstances, such amendment is permitted "only with the opposing

party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Granting leave to amend the complaint rests "within the sound discretion of the trial court." Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Although such leave should be "liberally granted," the court must consider when reviewing such a motion whether the defendant will be unduly prejudiced by allowing amendment; whether the complaint, as amended, would not withstand a motion to dismiss, i.e., amendment would be futile; and whether the plaintiff has demonstrated "undue delay, bad faith or dilatory motive" in seeking to file an amended complaint. Foman v. Davis, 371 U.S. 178, 182 (1962). "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citation omitted.)

## II. ANALYSIS

Plaintiff's initial complaint in this matter focused on the failure of the Government Defendants to provide data presented by Dr. Lanphear in a publication on which the EPA relied when formulating a regulation which drastically reduced the permissible amount of particulate lead in the air (the "Requested Data.") Ms. Pohl claimed the Government Defendants had violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the APA and sought an order compelling the Government Defendants to obtain the Requested

Data and turn them over to her. The Government Defendants did not move to dismiss any of these claims, but rather answered and stated affirmative defenses. (Doc. No. 6.) We therefore conclude that none of the present Defendants believes that the claims in the original complaint would be susceptible to a motion to dismiss. We further note that they do not object to amendment on the basis of "undue delay, bad faith or dilatory motive." We turn then to each of the objections the Government Defendants do raise.

A. "Newly-Discovered Evidence"

The Government Defendants argue there is no reason to amend the complaint because it is not true that Ms. Pohl learned for the first time after the complaint was filed that Dr. Lanphear was refusing to turn over the requested data, that is, this knowledge is not "newly-discovered." (Defs.' Opp. at 4.) In fact, they assert, on three separate occasions in September 2007, February 2008, and December 2008, the CDC told Ms. Pohl that the underlying data were "grantee-held," that Dr. Lanphear "claimed exclusion for the compiled dataset," and that the EPA "did not receive data underlying the study." (Id. at 5.)

They also argue that Plaintiff's other references to "newly-discovered evidence" are not actually to evidence but rather to "legal theories that plaintiff should have anticipated prior to filing suit." In addition, her failure to anticipate the Government Defendants' argument that documents not in their

4

possession do not qualify as "agency records" which must be produced under FOIA is not a sufficient basis for allowing amendment. Similarly, Plaintiff should have anticipated that Government Defendants might argue that even under Circular A-110,[1] their only obligation was to request the data from Dr. Lanphear, not to compel him to produce it. (Defs.' Opp. at 5-6.)

We agree with Plaintiff that both these arguments are unavailing as grounds on which to deny the motion to amend. Rule 15 does not state *any* requirements a plaintiff must satisfy in order to seek leave to amend her complaint. It is not unusual for a plaintiff to seek to amend after the defendant has filed its answer and it becomes evident that there are defenses the plaintiff did not anticipate; the defendant may also concede facts in the answer which raise the possibility of additional claims on the part

---

[1] The Office of Management and Budget Circular A-110, "Uniform Administrative Requirements for Grants and Agreements with Institutions of Higher Education, Hospitals, and Other Non-Profit Organizations," provides in relevant part:
> [I]n response to a. . .[FOIA] request for research data relating to published research findings produced under an award that were used by the Federal Government in developing an agency action that has the force and effect of law, the Federal awarding agency shall request, and the recipient shall provide, within a reasonable time, the research data so that they can be made available to the public through the procedures established under FOIA. [65 Fed. Reg. 14406 (March 16, 2000) at 14407.]

"The revised circular applies only to data that is published and used by the Federal agency in support of an action that has the force and effect of law. Id. Additionally, the circular is applicable only to data first produced under new or competing continuing grants awarded after April 17, 2000, the regulation's effective date. See 64 Fed. Reg. 54926." Salt Inst. v. Thompson, 345 F. Supp.2d 589, 595 (E.D. Va. 2004).

of the plaintiff. In fact, the burden is on the party *opposing* the amendment to establish one or more of the recognized reasons to deny such a motion. See Bowser Cadillac, LLC v. GMC, CA No. 07-1149, 2008 U.S. Dist. LEXIS 54906, *5 (W.D. Pa. Jul. 18, 2008) ("Presumably, the liberal ethos of amendment [under Rule 15] means that the party opposing amendment bears a burden of production to come forward with reasons or evidence to deny leave to amend") (citation omitted.) Nor do we know of any requirement that the plaintiff anticipate in her complaint defenses which may or may not be raised in response. See Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004) ("[P]laintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission") (emphasis in original.)

In short, we find Defendants' arguments on this point unpersuasive as grounds for denying leave to amend.

B. The Proposed Amendments Are Futile

The Government Defendants next argue that the proposed amendments are futile because they would not survive a motion to dismiss under Rule 12(b)(6). In particular, Plaintiff's claims brought against the Government Defendants under the Administrative Procedure Act and the federal mandamus statute are duplicative of her FOIA claim which would provide her with the same relief. For example, the newly-proposed Count II brought under the APA alleges

that the government defendants "unlawfully withheld required agency action by refusing to obtain" data from Dr. Lanphear, a repetition of the claim in Count I that they violated FOIA "by failing to obtain and produce to Plaintiff the Study Data." Because FOIA provides the relief Ms. Pohl seeks, the APA is inapplicable to her claims. (Defs.' Opp. at 7-8.) Similarly, the proposed amended language in Count III, i.e., the Government Defendants "have consciously and expressly adopted a generally [sic] policy of refusing to obtain data," is covered by FOIA in that the statute establishes a claim where the agency has improperly withheld its records for any reason. (Defs.' Opp. at 9, *citing* 5 U.S.C. § 552(a)(4)(B).) Since in both Count II and Count III, as proposed, FOIA affords the relief Plaintiff could obtain under the APA, the latter is inapplicable. (Id. at 9-10.) In the same vein, the claim for mandamus[2] in Count IV is without legal basis because the only relief sought - an order of court requiring production of the records - is available under FOIA. (Defs.' Opp. at 10.)

We agree that the Court has discretion to deny a motion for

---

[2] The Mandamus Act gives a district court original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to the plaintiff. See 28 U.S.C. § 1361. A writ of mandamus is a "drastic remedy" to be granted only in extraordinary cases. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000). Prerequisites for issuing such a writ are (1) the petitioner has "no other adequate means to attain the desired relief," and (2) the petitioner establishes that "its right to the writ is clear and indisputable." Id. at 141 (internal quotations and citations omitted.) Even where those conditions are met, issuance of the writ is "largely discretionary." Id.

7

leave to amend if it is apparent from the record that the amendment would be futile. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). However, the party opposing amendment faces a "heavy burden" in establishing futility. Sur. Adm'rs, Inc. v. Samara, CA No. 04-5177, 2006 U.S. Dist. LEXIS 16791, *30 (E.D. Pa. April 6, 2006). The standard used by the court in determining if amendment would be futile is the same as that applied in considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

The Government Defendants make an interesting circular argument. First, they argue that FOIA is the proper means by which Ms. Pohl should request the data. However, they have no obligation to produce the Requested Data under FOIA for one of three reasons or a combination thereof: (1) none of the agencies has the data on which the EPA study relied; (2) they are not required to demand the data from Dr. Lanphear; and (3) when they did request the data, he refused to provide the information and they have no power to compel him to do so. Therefore, they have done everything necessary to comply with Plaintiff's FOIA request. Since theoretically, FOIA provides the relief Plaintiff seeks, she cannot proceed under the APA or seek a writ of mandamus, despite the fact that at least in this case, FOIA *cannot* provide the relief Plaintiff seeks.

FOIA requires federal entities to make requested documents "promptly available to any person" unless the information falls

within one of nine exemptions. *See* 5 U.S.C. § 552(a)(3)(A) and (b)(1)-(9). Plaintiff contends in the proposed amended complaint that none of those exemptions applies, therefore, the Government Defendants are in violation of FOIA. She further argues that the proposed amendment establishes that the Government Defendants have adopted a "policy" of refusing to comply with their duties under FOIA, and that she has no other means of obtaining the Requested Data under FOIA even though Circular A-110 establishes her right to it. Thus a claim brought under the APA or through a writ of mandamus is an appropriate remedy. (Plf.'s Memo at 8-9.)

It appears to the Court that Plaintiff is establishing two separate scenarios in the proposed amended complaint. First, the Government Defendants violated FOIA by failing to provide the Requested Data despite the fact that the refusal was not based on one of the nine exceptions. This failure can be remedied under FOIA through an order of Court requiring them to produce the data. Alternatively, the Government Defendants violated the Shelby Amendment[3] by allowing the Research Defendants to withhold the

---

[3] The Shelby Amendment was a provision added by Congress to the FY 1999 Omnibus Consolidated Emergency Supplemental Appropriations Act. The Amendment states in its entirety: "Provided further, That the director of OMB amends Section -.36 of OMB Circular A-110 to require Federal awarding agencies to ensure that all data produced under an award will be made available to the public through the procedures established under the Freedom of Information Act: Provided further, That if the agency obtaining the data does so solely at the request of a private party, the agency may authorize a reasonable user fee equaling the incremental cost of obtaining data." As can be seen from the text of Circular A-110 in note 1 above, the language in the Amendment was adopted almost verbatim in the Circular. Salt Inst.,

9

Requested Data despite the provisions of Circular A-110 which state that if a Federal agency has granted an award under which data were produced which the Federal Government uses in "developing an agency action that has the force and effect of law," the awarding agency "shall request, and the recipient shall provide," the research data so they can be made available to the public through FOIA. This is a separate violation because the Government Defendants failed to take "discrete agency action" they were "required to take" under the Shelby Amendment and Circular A-110, regardless of the interplay with FOIA. See <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004) (the APA provides relief for an agency's failure to take action it is legally required to take.) Actions brought to enforce the Shelby Amendment or Circular A-110 can be remedied through application of the APA or the mandamus statute. See <u>Salt Inst. v. Thompson</u>, 345 F. Supp. 2d 589, 601-602 (E.D. Va. 2004) (where two underlying prerequisites are met – the agency must have taken "final agency action" and the action is not committed to agency discretion by law – it is presumed that APA judicial review applies.) At this point in the litigation, Plaintiff will be allowed to proceed with her alternative theories of relief.

C. <u>Plaintiff's Claims Against the Research Defendants</u>

The Government Defendants argue that Plaintiff's claims in Counts VI and Count VII for breach of contract are futile

---

345 F. Supp.2d at 595.

because the government grants were not contracts; even if they were considered contracts, Plaintiff is not an intended beneficiary of any contract between Dr. Lanphear and Children's Hospital and the federal government. Nor does FOIA provide relief against private individuals as Plaintiff alleges in Count VII. (Defs.' Opp. at 13-14.)

Plaintiff does not respond to the second argument made by the Government Defendants regarding Count VII. In that Count, Plaintiff alleges that the Research Defendants violated FOIA, as well as the Shelby Amendment and Circular A-110, by refusing to turn over the Requested Data. Neither Children's Hospital of Cincinnati nor Dr. Lanphear is a "federal official" or an "agency" as the latter term is defined in 5 U.S.C. § 551(1)[4] (adopting the definition set out in the APA) and therefore cannot be held liable under 5 U.S.C. § 552(a)(4)(B) or the APA. See <u>Karst Envtl. Educ. & Prot., Inc. v. EPA</u>, 475 F.3d 1291, 1298 (D. D.C. 2007) ("nothing in the APA authorizes claims against nonfederal entities"); <u>Santos v. DEA</u>, 357 F. Supp.2d 33, 35 (D. D.C. 2004) ("[a] plaintiff may not assert a FOIA claim against individual federal officials.") To the extent, therefore, that Count VII rests on an alleged violation of FOIA by either of the Research Defendants, such a proposed

---

[4] FOIA adopts the definition of "agency" set out in the APA where the word is defined as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," explicitly excluding several branches of the federal government. 5 U.S.C. § 551(1); 552a(a)(1).

amendment would be futile.

In Count VI of the proposed amended complaint, Plaintiff asserts that the Research Defendants received various research contracts with the Government Defendants and each contract provided that the Research Defendants would comply with the Shelby Amendment and the terms of Circular A-110. Plaintiff contends that as a member of the public, she is a third-party beneficiary to those contracts because Circular A-110 contains the express provision that the Research Defendants "shall provide" research data related to public findings produced under such awards so they "can be made available to the public." Plaintiff alleges that she has been injured by the Research Defendants' breach of contract in failing to provide the Requested Data.

We will allow Plaintiff's allegations in Count VI to proceed. The arguments made by Government Defendants on behalf of the Research Defendants are better left to Dr. Lanphear and Children's Hospital. It could well be that during the course of this litigation, the Government Defendants might find themselves bringing claims against the Research Defendants or vice versa. For example, in a letter of December 16, 2008, to Ms. Pohl, the CDC reported that Dr. Lanphear had refused to provide the data pursuant to 45 CFR 74.36(d)(2)(i)(A), and "a private agreement among the co-authors reached at the outset of the collaboration." (Doc. No. 22, Exh. E.) The cited portion of the federal regulation states that

"research data" do not include trade secrets, commercial information, materials necessary to be held confidential by a researcher until they are published, or similar information which is protected under law. It appears from the letter that the CDC simply accepted Dr. Lanphear's argument that he was exempt from producing the underlying data. That is, there is no indication that the agency questioned this conclusion on his part, but merely reiterated his contention to Ms. Pohl. That argument, based on the Court's knowledge of the facts of this case as pled to date, may well be erroneous. If all a grantee needs to do is to assert that the data are not research data, or that he has a "private agreement" with other researchers not to provide the data, the mandatory provisions of Circular A-110 would be entirely impotent.

Finally, the Government Defendants argue that the proposed joinder of the Research Defendants "will cause unnecessary delay" and is unnecessary to determine the merits of the suit against themselves. They contend that they "seek expeditious resolution of this case, and that resolution will be delayed if [the Government Defendants] are forced to sit through litigation on these matters that are separate to [their] own obligations under FOIA." (Defs.' Opp. at 14-15.) They also argue that Plaintiff could bring any claims against the Research Defendants in a separate action which would not "impinge" on the government's resources.

It is well-established in this Circuit that delay alone is an

insufficient reason to deny a party leave to amend; the "touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984); Dull v. W. Manchester Twp. Police Dep't, CA No. 07-0307, 2008 U.S. Dist. LEXIS 21412, *19 (M.D. Pa. Mar. 17, 2008) (four month delay between learning the identity of an individual defendant and filing a motion to amend was insufficient to justify denial of the motion.) Under Rule 15(a), "prejudice" means "undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." Johnson v. GEICO Cas. Co., 673 F. Supp.2d 244, 251 (D. Del. 2009), *quoting* Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1969). Moreover, "undue prejudice" implies that the defendant's ability to present its case would be seriously impaired. *See* Arthur, 434 F.3d at 206 (government was not "unfairly disadvantaged" or deprived of the opportunity to present facts or evidence despite a delay in naming it as a defendant.) The Government Defendants do not assert that their own defenses will be seriously impaired or that this litigation has proceeded to the stage where such steps as re-opening discovery would be necessary in order for them to protect their interests. We will not deny Plaintiff's motion because of potential delay which might result if the Research Defendants are joined at this point.

Finally, the Government Defendants argue that Plaintiff may

have difficulty effecting service on Dr. Lanphear, who, they assert, lives in Canada, and that the Research Defendants will "undoubtedly litigate" the question of whether they are properly joined. (Defs.' Opp. at 14-15.) Again, these are arguments better raised by the Research Defendants themselves.

The Government Defendants having failed to persuade the Court that they will suffer any prejudice if Plaintiff is allowed to amend her complaint, the motion is granted. An appropriate order follows.

June 24, 2010

/s/ William L. Standish
William L. Standish
United States District Judge