IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY K. POHL,<br><br>       Plaintiff,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL<br>  PROTECTION AGENCY, UNITED<br>  STATES DEPARTMENT OF HEALTH<br>  AND HUMAN SERVICES, CENTERS<br>  FOR DISEASE CONTROL AND<br>  PREVENTION, NATIONAL<br>  INSTITUTES OF HEALTH, NATIONAL<br>  INSTITUTE OF ENVIRONMENTAL<br>  HEALTH SCIENCES, DR. BRUCE<br>  LANPHEAR, and CHILDREN'S<br>  HOSPITAL MEDICAL CENTER,<br><br>       Defendants. | Civil Action No. 09-1480 |

**MEMORANDUM OPINION**

Pending before the Court is a motion seeking to dismiss Counts II through V of the Amended Complaint ("Motion"), filed by Defendants United States Environmental Protection Agency ("EPA"), United States Department of Health and Human Services ("HHS"), the Centers for Disease Control and Prevention ("CDC"), the National Institutes of Health, and the National Institute of Environmental Health Sciences (collectively, "the Government Defendants.") (Doc. No. 30.) For the reasons discussed below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

The basic facts of this case are set out in detail in the Court's Memorandum Opinions and Orders of March 3, 2010 (Doc. No. 12), and of June 25, 2010 (Doc. No. 26.) In the latter, the Court

considered the Government Defendants' arguments in opposition to Plaintiff's motion for leave to file an amended complaint and, having rejected them as non-persuasive, allowed Plaintiff to file the proposed complaint. (Doc. No. 28, "Am. Compl.") In addition to expanding the claims against the government agencies named above, Ms. Pohl joined Dr. Bruce Lanphear and Children's Hospital Medical Center of Cincinnati, Ohio, as additional defendants (collectively, the "Research Defendants.")

In Count I of the Amended Complaint, Plaintiff alleges that the Government Defendants violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Office of Management and Budget's ("OMB") Circular A-110[1] by refusing to obtain and produce the Study

---

1 OMB Circular A-110, "Uniform Administrative Requirements for Grants and Agreements with Institutions of Higher Education, Hospitals, and Other Non-Profit Organizations," provides in relevant part:
> [I]n response to a. . .[FOIA] request for research data relating to published research findings produced under an award that were used by the Federal Government in developing an agency action that has the force and effect of law, the Federal awarding agency shall request, and the recipient shall provide, within a reasonable time, the research data so that they can be made available to the public through the procedures established under FOIA.

65 Fed. Reg. 14406 (March 16, 2000) at 14407. "The revised circular applies only to data that is [sic] published and used by the Federal agency in support of an action that has the force and effect of law. Id. Additionally, the circular is applicable only to data first produced under new or competing continuing grants awarded after April 17, 2000, the regulation's effective date." Salt Inst. v. Thompson, 345 F. Supp.2d 589, 595 (E.D. Va. 2004), aff'd sub nom Salt Inst. v. Leavitt, 440 F.3d 1565 (4th Cir. 2006). The district court dismissed the plaintiff's claims for lack of standing, but the Court of Appeals further noted that FOIA did not grant legal protection to the information in question because it had been produced under grants awarded before April 17, 2000. Id. at 159, n.1. Thus, neither court addressed the question of whether such claims should be brought under FOIA or the APA.

Data[2] she requested in August 2007. In Count II, Ms. Pohl alleges that the Government Defendants violated the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706 ("APA"), inasmuch as they had a "mandatory, non-discretionary duty" under the Shelby Amendment[3] and Circular A-110 to obtain the Study Data and make them available to her, but have refused and continue to refuse to do so. (Am. Compl., ¶¶ 105-106.) Count III alleges another violation of the APA in that "the Government Defendants have consciously and expressly adopted a generally [sic] policy of refusing to obtain data requested pursuant to the Shelby Amendment and Circular A-100 as codified if the grant recipients refuse to or decline to turn over the data when requested." (Id., ¶ 115.)

---

2   In the Amended Complaint, the term "Study Data" refers to the scientific data underlying a paper published in 2005 by Dr. Lanphear and others in the journal Environmental Health Perspectives in which they concluded there was a correlation between very low levels of lead and adverse health effects in children. In 2008, the EPA relied on that study in adopting a new National Ambient Air Quality Standard for Lead that cut by 90% the amount of lead permitted in the air. (Am. Compl., ¶¶ 9, 10, 12.)

3 According to the Amended Complaint, the Shelby Amendment was adopted by the United States Congress as part of the Omnibus Consolidated & Emergency Supplemental Appropriations Act of 1999, Pub. L. 105-277, 112 Stat. 2681-495, October 21, 1998. The amendment directs the Director of the Office of Management and Budget to amend Section ____.36 of Circular A-110 to require Federal agencies awarding research grants to ensure that data produced under such awards will be made available to the public in response to a FOIA request. (Am. Compl., ¶ 4.) OMB Circular A-110 was subsequently amended to include the language set out in footnote 1 above (see 2 C.F.R. § 215.36(d)(1)), and the EPA and HHS adopted the same language in their regulations at 40 C.F.R. § 30.36 and 45 C.F.R. § 74.36, respectively. We agree with the Government Defendants' argument made in their Reply (Doc. No. 42 at 6) that the Shelby Amendment itself imposed no duty on any government agency other than the OMB, however we do not find that Plaintiff's references to the Shelby Amendment in the text of her Amended Complaint should somehow invalidate her claims because she clearly refers to the EPA and HHS regulations in the heading of Count I.

Count IV seeks relief in the form of a writ of mandamus, again for failing to obtain the Study Data from the Research Defendants in violation of the Shelby Amendment and Circular A-110. Count V alleges that the Government Defendants violated the FOIA mechanism for appealing denials of requests for information in that her appeal was initially granted by the EPA, then transferred to the Centers for Disease Control in the Department of Health and Human Resources where it was re-examined and ultimately denied; this action was arbitrary, capricious, and otherwise contrary to law. In addition, Government Defendant HHS violated the APA by unreasonably delaying action on Ms. Pohl's subsequent appeal of the denial. Counts VI (breach of contract; third party beneficiary) and VII (violation of the Shelby Amendment) are brought against the Research Defendants and are not the subject of the Government Defendants' motion to dismiss.

In her prayer for relief, Ms. Pohl seeks:

1. an order declaring that she is entitled to the Study Data and other materials she requested and was originally granted access to by the EPA;

2. an order compelling the Research Defendants to turn over copies of the Study Data to the Government Defendants;

3. "[a] writ of mandamus compelling the Government Defendants to obtain and turn over to Plaintiff copies of the Study Data;"

4. "[a]n order compelling the Government Defendants to obtain and turn over to Plaintiff copies of the Study Data;"

5. an order declaring the actions of the Government

4

>     Defendants to be in violation of the procedures of
>     FOIA and the APA;
>
> 6.  an order declaring the actions of the Research
>     Defendants to be in violation of the procedures of
>     FOIA and the APA; and
>
> 7.  reasonable attorneys' fees, costs of suit and such
>     other relief as the court deems proper.

(Am. Compl. at 30-31.)

## II. STANDARD OF REVIEW

The Government Defendants move to dismiss Counts II through V of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, Rule 12(b)(6). (*See* Memorandum in Support of Agency Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, Doc. No. 31, "Defs.' Memo," at 8-9.) In particular, they seek to have Plaintiff's APA claims (Counts II, III and V) dismissed under either rule and Plaintiff's mandamus claim (Count IV) dismissed under Rule 12(b)(6).[4]

### A. Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(6) contends that the district court lacks subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Such a motion questions the court's "very power to hear the case" and is considered either "facial," that is, one which attacks the complaint on its face, or "factual," one which attacks subject matter jurisdiction as a matter of fact.

---

[4] Although the Government Defendants discuss both dismissal for lack of subject matter jurisdiction and for failure to state a claim, the proposed order of court they provide refers only to dismissal for the latter reason.

Mortensen v. First. Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); *see also* Petruska v. Gannon Univ., 462 F.3d 294, 302, n.3 (3d Cir. 2006), *cert. denied*, 550 U.S. 903 (2007).

At no point in their memorandum of law or reply brief do the Government Defendants identify their Rule 12(b)(1) argument as either facial or factual. However, when such a motion is filed prior to the defendant filing an answer to the complaint, it is, by definition, a facial attack. Zimmerman v. Wolff, 622 F. Supp.2d 240, 243 (E.D. Pa. 2008); *see also* Mortensen, 549 F.2d at 891, n.17 (a "factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted.") Because the Government Defendants have not filed an answer, we will treat their Rule 12(b)(1) motion as a facial attack.

"Facial attacks. . .contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Common Cause v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009), *quoting* Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). The court's review is limited to "the allegations on the face of the complaint. . .and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff." Church of the Universal Bhd. v. Farmington Twp. Supervisors, No. 07-4021, 2008 U.S. App. LEXIS 21961, *4-*5 (3d Cir. Oct. 20, 2008), *citing* Mortensen, 549 F.2d at 891, and Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 (3rd Cir. 2002). A complaint under facial attack may be properly dismissed

"only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . .is wholly insubstantial and frivolous.'" Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991), *quoting* Bell v. Hood, 327 U.S. 678, 682 (1946); *see also* Iwanowa v. Ford Motor Co., 67 F. Supp.2d 424, 438 (D. N.J. 1999) (such a complaint should be dismissed "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.") The United States Court of Appeals for the Third Circuit has warned district courts against treating a motion under Rule 12(b)(1) identically to one brought under Rule 12(b)(6) and reaching the merits of the claim, noting that "the standard for surviving a Rule 12(b)(1) motion is lower than that for a 12(b)(6) motion." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Here, Plaintiff has the burden of showing that jurisdiction is proper in this Court. Rudolph v. Adamar of N.J., Inc., 153 F. Supp. 2d 528, 533 (D. N.J. 2001) (the party invoking the court's jurisdiction bears the burden of persuasion when the subject matter jurisdiction of the court is challenged); Mortensen, id.

B.  Rule 12(b)(6)

In the aftermath of Bell Atl. Corp. v. Twombly, 550 U. S. 544 (2007), Ashcroft v. Iqbal, __ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and the Third Circuit Court of Appeals' interpretation of those two cases in Phillips v. County of

7

Allegheny, 515 F.3d 224 (3d Cir. 2008), and more recently in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), the pleading standards which allow a complaint to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) have taken on slightly new parameters.

In Fowler, the Court of Appeals noted that following Twombly and Iqbal, conclusory "bare-bones" allegations that "the defendant unlawfully harmed me" no longer suffice. A civil complaint must now include "sufficient factual matter to show that the claim is facially plausible." Fowler, 578 F.3d at 210; *see also* Twombly, 550 U.S. at 555, holding that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." The Fowler court further noted that

> after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." This "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler, 578 F.3d at 210-211 (quotations and citations omitted.)

## III. DISCUSSION

### A. Counts II, III and V – Violations of the APA

The Government Defendants' argument against the Counts which focus on their alleged violations of the APA can be succinctly stated as follows: A court may review a government agency's actions under the APA only if there is no other statute which provides an "adequate" remedy, that is, one which duplicates a remedy available under the APA. FOIA provides an adequate remedy for the alleged violations by the Government Defendants. Consequently, Counts II, III and V must be dismissed for lack of subject matter jurisdiction.

The Administrative Procedures Act "authorizes suit by [a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 61 (2004) ("SUWA"), quoting 5 U.S.C. § 702.[5] "To support

---

5 Section 702 provides in full: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to

9

APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005).[6] Agency actions are presumed valid, but this presumption does not prevent courts from taking a "hard look" at them. Save Sandy Hook Corp. v. United States DOI, CA No. 04-5908, 2007 U.S. Dist. LEXIS 67700, *11 (D.N.J. Sept. 13, 2007), *citing* Frisby v. U.S. Dep't of Hous. & Urban Dev., 755 F.2d 1052, 1055 (3d Cir. 1985). However, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." Schaeuble v. Reno, 87 F. Supp.2d 383, 393-394 (D. N.J. 2000), *citing* Bowen v. Massachusetts, 487 U.S. 879, 903 (1988). The burden of proof rests with the party challenging the agency action. Frisby, id.

The concept of "agency action" includes the "failure to act." "A 'failure to act' is not the same thing as a 'denial.' The latter is the agency's act of saying no to a request; the former is simply the omission of an action without formally rejecting a

---

suit expressly or impliedly forbids the relief which is sought. 5 U.S.C. § 702. Right of Review."

[6] The APA itself does not establish subject matter jurisdiction, but rather jurisdiction is derived from 28 U.S.C. § 1331, the federal question statute, because such a suit "arises under" the "right of action" created by the APA. Bowen, 487 U.S. at 891, n.16 ("if review is proper under the APA, the District Court ha[s] jurisdiction under 28 U.S.C. § 1331.") Thus, the APA provides both a waiver of sovereign immunity and the right to judicial review for any person suffering a "legal wrong" as a result of a government agency action. *See* NVE Inc. v. HHS, 436 F.3d 182, 189 (3d Cir. 2006).

request." Kaufman v. Mukasey, 524 F.3d 1334, 1338 (D.C. Cir. 2008), *quoting* SUWA, 542 U.S. at 63. However, "the only agency action that can be compelled under the APA is action legally required" and therefore, "a claim under § 706(1)[7] can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." SUWA, 542 U.S. at 64 (emphases in the original.)

Plaintiff's "failure to act" claim in Count II is based on the Government Defendants' refusal to obtain the Study Data from the Research Defendants. FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the

---

7 In full, Section 706 provides: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
 (1) compel agency action unlawfully withheld or unreasonably delayed; and
 (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
  (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
  (B) contrary to constitutional right, power, privilege, or immunity;
  (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
  (D) without observance of procedure required by law;
  (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [5 USCS §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
  (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error. 5 U.S.C. § 706. Scope of Review."

11

records promptly available to any person," subject to certain exceptions and nine enumerated exemptions. *See* 5 U.S.C. § 552(a)(3)(A) and § 552(b)(1)-(9). The Supreme Court has described "agency records" as those meeting two criteria. First, the agency must "either create or obtain" the requested material "as a prerequisite to its becoming an 'agency record' within the meaning of the FOIA." <u>United States DOJ v. Tax Analysts</u>, 492 U.S. 136, 144 (1989), *quoting* <u>Forsham v. Harris</u>, 445 U.S. 169, 182 (1980). Second, the agency must be in control of the requested materials at the time the FOIA request is made. <u>United States DOJ</u>, <u>id.</u> at 145, *citing* <u>Forsham</u>, <u>id.</u> at 185 (FOIA does not cover "information in the abstract"), and <u>Kissinger v. Reports Comm. For Freedom of Press</u>, 445 U.S. 136, 157 (1980).

Based on documentary evidence attached to the Amended Complaint, none of the Government Defendants "created or obtained" the Study Data nor were they, at the time of Ms. Pohl's request, in control of those data. Thus, if only FOIA were applicable here, the Government Defendants would have no obligation to provide the information she sought because it does not satisfy the definition of "agency record." However, EPA and HHS regulations, adopted pursuant to OMB Circular 110, now require the agency to request such research data even if they are not, at the time of the FOIA request, in the agency's possession. FOIA itself does not contain this requirement and cannot provide an adequate remedy for the agency's failure to do so. Thus, Plaintiff has stated a claim

under the APA when she alleges in Count II that the Government Defendants failed to obtain the Study Data as required by their own regulations. The Government Defendants' motion to dismiss Count II is therefore denied.

In Count III, Plaintiff alleges that the Government Defendants "consciously and expressly" adopted a policy of refusing to obtain data produced under a government award and used in developing an action that has the force and effect of law. Again, nothing in FOIA requires an agency to obtain information it does not already control. Therefore, even if Plaintiff could establish that one or more of the agencies had a policy of refusing to do so, no recourse can be obtained under that Act. The motion to dismiss Count III is denied for reasons parallel to those set out in the previous paragraph.

Count V is actually a two-part claim based on the same actions. Plaintiff first alleges that the Government Defendants violated FIOA, specifically Section 552(a)(6) which provides the mechanism by which appeals of denials are considered and ultimately decided. However, FOIA does not contemplate the process which occurred here, that is, an agency (here, the EPA) decides to grant access to the requested records but then arbitrarily and capriciously transfers that request to another agency (the CDC) for re-examination. Second, after the transfer, HHS violated the APA by unreasonably delaying action on Plaintiff's appeal.

The APA provides that a court may "set aside agency action,

findings and conclusions found to be. . .arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706. But, as the Government Defendants point out, FOIA contains a provision that where the court orders production of agency records improperly withheld, assesses attorneys' fees and other costs against an agency, and "issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding," a special counsel must initiate proceedings to determine if the individuals responsible for the actions of the agency should be subject to disciplinary action. (Defs.' Memo at 21, *citing* 5 U.S.C. § 552(a)(4)(F).) Such a provision thus presumes that a court may find all or part of any process carried out by the agency in response to a FOIA request was arbitrary or capricious. The Court concludes that the transfer from the EPA to CDC (the reason for which is unexplained in any of documents submitted by the parties thus far) would fall within the scope of FOIA review. Therefore, to the extent Count V is based on this aspect of the way in which Ms. Pohl's request was treated, APA review is unnecessary because FOIA itself is broad enough to allow the Court to consider the propriety of the Government Defendants' actions.

The APA also includes a general requirement that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall

14

proceed to conclude a matter presented to it." *See* <u>Sharawneh v. Gonzales</u>, CA No. 07-683, 2007 U.S. Dist. LEXIS 66546, *5-*6 (E.D. Pa. Sept. 10, 2007), *quoting* 5 U.S.C. § 555(b). The scope of judicial review under the APA includes the authority to "compel agency action unlawfully withheld or unreasonably delayed." <u>Lamas v. Gonzales</u>, CA No. 07-3351, 2007 U.S. Dist. LEXIS 70016, *10 (D.N.J. Sept. 20, 2007), *quoting* 5 U.S.C. § 706(1); *see also* <u>Brock v. Pierce County</u>, 476 U.S. 253, 260 n.7 (1986).

However, as the case law shows, litigants do not need to rely on the APA to claim that the agency demonstrated bad faith by unduly delaying its response or otherwise failing to promptly produce the requested records. *See*, e.g., numerous cases in which such claims are brought under FOIA: <u>Budik v. Dep't of the Army</u>, CA No. 09-1518, 2010 U.S. Dist. LEXIS 104928, *30-*31 (D. D.C. Sept. 30, 2010); <u>Nulankeyutmonen Nkihtaqmikon v. BIA</u>, 672 F. Supp.2d 154, 164-165, 170 (D. Me. 2009); <u>S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.</u>, CA No. 06-2845, 2008 U.S. Dist. LEXIS 107177, *15-*21 (E.D. Cal. June 20, 2008); and <u>Pietrangelo v. United States Dep't of the Army</u>, CA No. 06-170, 2007 U.S. Dist. LEXIS 46495, *28-*34 (D. Vt. June 27, 2007). FOIA sets out in great detail the time constraints which apply to various phases of the response to a request, the communications the agency must have with the member of the public as to the state of his or her request, the "exceptional circumstances" which may delay completion of agency review, and the procedures by which a person may request

expedited processing. See 5 U.S.C. §§ 552(a)(6)(A) through (F). In particular, the statute sets out the manner in which appeals of denial decisions are to be handled. Id. at Section (a)(6)(A)(ii).[8] Thus, it is evident from the text of the statute itself that FOIA provides a remedy, i.e., an order of court finding that an agency unreasonably delayed its response to a request. See Teck Metals, Ltd. v. United States BIA, CA No. 09-290, 2010 U.S. Dist. LEXIS 37918, *1-2 (E.D. Wash. Apr. 16, 2010) (granting the declaratory relief sought by the plaintiffs because the defendant's failures to timely respond to FOIA requests and administrative appeal were unlawful); Thomas v. HHS, 587 F. Supp.2d 114, 117-118 (D. D.C. 2008) (failure by Food and Drug Administration to respond to the plaintiff's appeal of denial of his FOIA request constituted constructive satisfaction of the exhaustion prerequisite for filing federal law suit); and Fiduccia v. United States DOJ, 185 F.3d 1035, 1041 (9th Cir. 1999) (agency's proposed extension until 2001 for time in which to respond to FOIA requests made in 1993 was, in effect, telling the requester that "regardless of whether you are entitled to the documents, we will not give them to you" and thus a violation of Congress's "tough" statute on FOIA compliance.) Because FOIA provides an adequate remedy for any damage to

---

8 Each agency. . .shall. . .make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection. 5 U.S.C. § 552(a)(6)(A)(ii).

Plaintiff as a result of the alleged delays in reviewing her appeal, she does not need to resort to the APA for relief. Therefore, to the extent Count V seeks relief through the APA, that Count is dismissed.

B.  Count IV -- Mandamus

We turn to the Government Defendants' argument that Plaintiff's mandamus claim in Count IV should be dismissed under Rule 12(b)(6). As noted in their memorandum of law, the common law writ of mandamus, codified at 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has established three conditions which must be met before mandamus, one of the "most potent weapons in the judicial arsenal," may be invoked: (1) the plaintiff must "have no other adequate means to attain the relief he desires;" (2) the plaintiff must show that his right to a writ of mandamus is "clear and indisputable;" and (3) the issuing court, in exercise of its discretion, must be satisfied that even if the first two prerequisites have been met, "the writ is appropriate under the circumstances." Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-381 (2004) (citations and quotations omitted.) As a "drastic remedy," a writ of mandamus is "seldom issued and its use is discouraged." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)(citations omitted).

Writs of mandamus are only available in those instances where the plaintiff seeks to compel the defendant to perform "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." United States ex rel. Vaso v. Chertoff, No. 09-1988, 2010 U.S. App. LEXIS 4763, *9 (3d Cir. 2010), quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). This standard is the same as has been codified in the APA. See SUWA, 542 U.S. at 64, 65 (section 706(1) of the APA provides a court with the authority to direct an agency to "perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act" and "rules out judicial direction of even discrete agency action that is not demanded by law.")

As in Count II discussed above in terms of a violation of the APA, Count IV rests on the alleged failure of the Government Defendants to obtain the Study Data and make them available to Plaintiff. In the prayer for relief, the same remedy is sought through a writ of mandamus and a general order, i.e., to compel "the Government Defendants to obtain and turn over to Plaintiff copies of the Study Data." (Prayer for Relief, ¶¶ (iii) and (iv).) The Government Defendants argue that Ms. Pohl has failed to state a claim for mandamus relief, first because she has other adequate means to attain the desired result. Moreover, they argue, Plaintiff has failed to show that she is entitled to a writ of mandamus because she cannot establish that any of the Government

18

Defendants has a clear duty to "obtain" the Study Data under Circular A-110 or the Shelby Amendment; rather their only duty is to "request" such data from the grant recipient. Third, Ms. Pohl has failed to show that she has a "clear right to relief" because even if the Government Defendants were able to obtain the Study Data, the information might be exempt from production under one of the nine exemptions established in FOIA. (Defs. Memo at 17-19.)

We need not address these arguments in detail because we agree with the Government Defendants that the relief Plaintiff seeks through a writ of mandamus duplicates that available under the APA and/or FOIA. Where the relief sought through an order of court finding that the defendant has violated the APA is "essentially the same" as that sought through a writ of mandamus, most courts will proceed to analyze the claims under the APA. Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997); see also Litvin v. Chertoff, 586 F. Supp.2d 9, 11 (D. Mass. 2008) (most courts construe the APA and the mandamus statute to be "coextensive"); Grinberg v. Swacina, 478 F. Supp.2d 1350, 1355 (S.D. Fla. 2007) (courts apply the same principles and standards under either mandamus or the APA when considering agency actions which do not involve the exercise of judgment or discretion); and Han Cao v. Upchurch, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007) (same, citing cases). In short, should Ms. Pohl succeed on her APA-based claims, the remedy will be the same as that she seeks through a writ of mandamus. Should her APA-based claims fail, her claims for relief

19

under a writ of mandamus would also necessarily fail because the prerequisites for one are identical to those for the other. Count IV is therefore dismissed.

An appropriate Order follows.

October _28_, 2010

_William L. Standish_
William L. Standish
United States District Judge